NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 19 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HECTOR SANCHEZ, | No. 14-73827 |
| Petitioner-Appellant, | Tax Ct. No. 9729-12 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted December 15, 2016**
San Francisco, California

Before: LUCERO,*** GRABER, and HURWITZ, Circuit Judges.

Hector Sanchez appeals a decision of the Tax Court imposing a civil fraud

penalty pursuant to 26 U.S.C. § 6663(a). We have jurisdiction under 26 U.S.C.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Carlos F. Lucero, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

§ 7482(a)(1) and affirm.

1.   We review the Tax Court's findings of fact for clear error. *See Xilinx, Inc. v. Comm'r*, 598 F.3d 1191, 1194 (9th Cir. 2010); *Bradford v. Comm'r*, 796 F.2d 303, 307 (9th Cir. 1986). Sanchez admittedly reported less than 5% of his taxable income for four years. The Tax Court did not clearly err in finding that Sanchez knew his income was higher than what he reported, given his substantial expenditures. Nor did the court clearly err in finding that Sanchez "estimated" his income in his tax returns, rather than relying on available records. We therefore affirm the determination of the Tax Court that there was clear and convincing evidence of tax fraud. *See Lollis v. Comm'r*, 595 F.2d 1189, 1191–92 (9th Cir. 1979) (affirming fraud finding where taxpayers reported approximately 10% of taxable income and kept inadequate records).[1]

2.   Sanchez's claim that the IRS made false assumptions at the outset of its investigation, even if accepted, does not bear on the sufficiency of the evidence presented to the Tax Court. His claim that no one identified the tax returns in evidence as his is belied by the record, as is his claim that the returns were not admitted for the truth of any statement therein.[2]

---

[1]   The Tax Court's finding that Sanchez failed to give the IRS all the documents it requested is also supported by the record, as is its finding that Sanchez's underreporting was not caused by his tax preparers or his low proficiency in English.

[2]   Sanchez's contention that the Tax Court misunderstood his business model is

3.  Sanchez either signed or authorized the electronic filing of each tax return at issue. *Loving v. IRS*, 742 F.3d 1013, 1017 (D.C. Cir. 2014), therefore, does not support Sanchez's argument that he cannot be liable because his returns were prepared by an unlicensed tax preparer.

**AFFIRMED.**

---

also unsupported by the record.